[Civ. No. 2710.   Second Appellate District, Division One.—February 20, 1920.]

## MORRIS HIMOVITZ et al., Respondents, v. S. SILVERMAN, Appellant.

[1] Contracts—Sale of Scrap Iron—Taking Advantage of Defendant's Ignorance—Fraud—Finding—Evidence.—In this action for damages for breach of a written contract whereby the defendant agreed to deliver to the plaintiffs a specific quantity of scrap iron, the finding of the trial court that the plaintiffs did not take advantage of the defendant's ignorance and his lack of understanding of English, and so fraudulently obtained his signature to a contract which did not express the understanding or intent of the parties as to the quantity. of scrap iron to be delivered, is fully supported by substantial evidence.

APPEAL from a judgment of the Superior Court of Kern County.  J. W. Mahon, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellant.

E. A. Klein for Respondents.

JAMES, J.—Appeal by the defendant from a judgment entered in favor of the plaintiffs for damages.  .

The action was to recover for the breach of a written contract whereby defendant agreed to deliver to the plaintiffs a certain quantity of scrap iron.  The contract as it was reduced to writing was expressed in the following terms:

"May 12, 1917, sold to Bakersfield Junk Company by S. Silverman, 150 tons of Scrap Oil Well Iron at the price of $14.00 per ton f. o. b. Mariposa, Cal.  All boilers must be cut not longer than that Four feet long and Two feet wide.  Also fifty (50) tons of Cast Iron at $17.00 per ton f. o. b. Mariposa, Cal.

"Received in advance ($1,000.00) One Thousand Dollars, balance to be paid when all goods are delivered.  No less than one carload a week to be delivered, cars should contain 25 tons each.

"(Signed) S. Silverman."

In addition to a denial of the allegations of the complaint, defendant alleged that his signature to the contract was obtained through plaintiffs' fraud in that defendant could not read or write the English language, and that it was not understood that any specific quantity of scrap iron should be delivered by the defendant to the plaintiffs, but only a lot of iron then in the possession of defendant, the quantity of which was not accurately ascertained. Defendant did deliver eighty-five tons of iron, and it was his claim that that included the whole of the quantity intended to be sold. [1] The contract, it will be observed, is specific as to the number of tons sold, and it contains no ambiguous term which would make proper any oral testimony as to what the intent of the parties was; hence the sole question presented turned upon the assertion on the part of the defendant that the plaintiffs had taken advantage of his ignorance and his lack of understanding of English, and so fraudulently obtained his signature to a contract which did not express the understanding or intent of the parties. The court found the facts against the defendant and this finding is fully supported by substantial evidence. One of the witnesses who testified had been called in by the two parties to reduce the agreement to writing. He stated that plaintiffs and defendant took some time to agree upon what the contract should be and that then he wrote down what they told him and put it in typewriting. He testified further that after typewriting the contract he read it to the parties and that "both of them" said that it was all right. He testified that plaintiffs and defendant spent about an hour in talking over the terms of the contract and that they argued between themselves about the tonnage to be specified and that they finally reached an agreement; that he then prepared the document and read it over to them, as stated. It having appeared that there was direct and substantial evidence in opposition to the claim of the defendant that fraud had been practiced upon him, there is presented a condition which requires that the judgment of the court upon that matter be confirmed. We need only reiterate the invariable and established rule that the conclusion of the trial judge upon a question of fact is conclusive upon an appellate court

where any evidence is exhibited by the record which furnishes substantial support to the finding.

The judgment appealed from is affirmed.

Conrey P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1920.

All the Justices concurred.